MEMORANDUM ***
California state prisoner Gregory Leroy Smith appeals pro se from the district *180 court’s judgment following a jury trial in his 42 U.S.C. § 1983 action alleging that prison officials used excessive force in restraining him. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a judgment on the pleadings. Weeks v. Bayer, 246 F.3d 1231, 1234 (9th Cir.2001). We review whether substantial evidence supports the jury’s verdict. Watec Co., Ltd. v. Liu, 403 F.3d 645, 651 n. 5 (9th Cir.2005). We affirm.
The district court properly granted judgment on the pleadings with respect to the claims against the County of San Diego because Smith failed to allege the existence of any unconstitutional policy or custom. See Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir.2006) (explaining that municipal liability under § 1983 exists only for constitutional violations occurring pursuant to an official government policy or custom).
The jury’s verdict was supported by testimonial evidence that force was used only after Smith challenged Deputy Ausler’s authority, repeatedly refused to follow his legitimate orders, and then threatened to assault him physically. See Pavao v. Pagay, 307 F.3d 915, 921 (9th Cir.2002) (relying on testimonial evidence to uphold jury’s verdict for police officer in § 1983 action).
The district court did not abuse its discretion by admitting Smith’s prior felony conviction under Federal Rule of Evidence 609 where the court recognized the importance of Smith’s testimony, acknowledged the centrality of his credibility, and issued a limiting instruction to mitigate possible prejudice. See United States v. Jimenez, 214 F.3d 1095, 1099 (9th Cir.2000) (concluding that court demonstrated an awareness of Rule 609 where the judge recognized the centrality of the credibility issue and a party’s testimony, and sought to ameliorate possible prejudice with a limiting instruction).
The district court did not abuse its discretion in admitting Smith’s inmate status reports because they were not being introduced to prove the truth of the matter asserted but rather to impeach Smith’s prior testimony that he was not a disruptive inmate. See Fed.R.Evid. 608(b) (permitting the introduction of extrinsic evidence to impeachment a witness’s testimony by contradiction).
The district court did not abuse its discretion by denying Smith’s motions for appointment of counsel because Smith failed to demonstrate exceptional circumstances warranting the appointment of counsel. See Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir.2009).
Smith’s remaining contentions are unpersuasive.
We deny Smith’s Motion to Add New Evidence in Support of His Claim.
Smith’s motion to file a late reply brief is granted. The Clerk shall file the reply brief received on September 24, 2009.
AFFIRMED.

 phjg disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.